IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD DEAN CASSIDY,<br><br>Defendant. | CR 17-59-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Edward Dean Cassidy (Cassidy) has been accused of violating the conditions of his supervised release.  Cassidy admitted all of the alleged violations.  Cassidy's supervised release should be revoked.  Cassidy should be placed in custody until June 25, 2020, with a lifetime of supervised release to follow.

## II.  Status

Cassidy pleaded guilty to two counts of Abusive Sexual Contact of a Minor on September 9, 2019.  (Doc. 40).  The Court sentenced Cassidy to a term of custody of time served, followed by a lifetime of supervised release.  (Doc. 46).  Cassidy's current term of supervised release began on December 19, 2019.

(Doc. 52 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on May 18, 2020, requesting that the Court revoke Cassidy's supervised release. (Doc. 52). The Amended Petition alleged that Cassidy had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by using marijuana; and 3) by consuming alcohol on two separate occasions.

**Initial appearance**

Cassidy appeared before the undersigned for his initial appearance on May 28, 2020. Cassidy was represented by counsel. Cassidy stated that he had read the Amended Petition and that he understood the allegations. Cassidy waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 28, 2020. Cassidy admitted that he had violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in residence; 2) by using marijuana; and 3) by consuming alcohol on two separate occasions. The violations are serious

2

and warrant revocation of Cassidy's supervised release.

Cassidy's violations are Grade C violations. Cassidy's criminal history category is II. Cassidy's underlying offenses are Class A felonies. Cassidy could be incarcerated for up to 60 months. Cassidy could be ordered to remain on supervised release for up to life, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Cassidy's supervised release should be revoked. Cassidy should be incarcerated until June 25, 2020, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Cassidy that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Cassidy of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Cassidy that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That Edward Dean Cassidy violated the conditions of his supervised release: by failing to notify his probation officer of a change in residence; by using marijuana; and by consuming alcohol on two separate occasions.

The Court **RECOMMENDS:**

>That the District Court revoke Cassidy's supervised release and commit Cassidy to the custody of the United States Bureau of Prisons until June 25, 2020, with a lifetime of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 1st day of June, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge